**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PATRICK J. MCDONOUGH,
  Appellant,

  v.

DEPARTMENT OF
  TRANSPORTATION,
  Agency.

DOCKET NUMBER
PH-0752-17-0156-I-4

DATE: December 13, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

James W. Richard, Esquire, Silver Spring, Maryland, for the appellant.

Rashawn Rich George, Esquire, College Park, Georgia, for the agency.

Rebecca G. Snowdall, Esquire, and Maria Surdokas, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which addressed a pair of joined removal appeals, ordering the agency to pay the appellant $27,730.64 regarding its first removal and sustaining its second removal. We SEVER the joined removal appeals and address just the first in this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision.[2]  For the reasons discussed below, we GRANT the appellant's petition for review as to the first removal appeal, VACATE the administrative judge's findings about premium pay for status quo ante relief and mootness, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

This decision stems from two appeals that the administrative judge joined for adjudication.[3]  In his first appeal, the appellant challenged his December 2016 removal from the position of Air Traffic Control Specialist.  The removal was based on charges of absence without leave (AWOL) and failure to follow leave procedures.  *McDonough v. Department of Transportation*, MSPB Docket No. PH-0752-17-0156-I-1, Initial Appeal File, Tab 1, Tab 4 at 27-31, 70-73.  Well into the adjudication of that appeal, the agency determined that the deciding official had mistakenly denied the appellant due process by engaging in ex parte communication, and, consequently, it rescinded the first removal action.  *McDonough v. Department of Transportation*, MSPB Docket No. PH-0752-17-0156-I-2, Refiled Appeal File, Tab 24 at 10-12; *McDonough v. Department of Transportation*, MSPB Docket No. PH-0752-19-0113-I-1, Initial Appeal File (0113 IAF), Hearing Transcript, Day 2 (0113 HT2) at 80 (testimony of the appellant's second-level supervisor).  The agency then removed the appellant a

---

[2] The appellant's other appeal, MSPB Docket No. PH-0752-19-0113-I-1, is addressed in a separate decision.

[3] The appellant's first appeal has multiple docket numbers due to dismissals without prejudice to accommodate adjudicatory delays.  *McDonough v. Department of Transportation*, MSPB Docket No. PH-0752-17-0156-I-1, Initial Appeal File, Tab 1; *McDonough v. Department of Transportation*, MSPB Docket No. PH-0752-17-0156-I-2, Refiled Appeal File, Tab 1; *McDonough v. Department of Transportation*, MSPB Docket No. PH-0752-17-0156-I-3, Refiled Appeal File, Tab 1; *McDonough v. Department of Transportation*, MSPB Docket No. PH-0752-17-0156-I-4, Refiled Appeal File, Tab 1.  The appellant's second appeal has just one docket number. *McDonough v. Department of Transportation*, MSPB Docket No. PH-0752-19-0113-I-1, Initial Appeal File, Tab 1.

second time, 2 years after its original removal action, based on the same misconduct and charges as the first removal. 0113 IAF, Tab 3 at 10-13, 34-37. In his second appeal, the appellant challenged this second removal action. 0113 IAF, Tab 1. The administrative judge joined the appeals, developed the records, and held a 3-day hearing before issuing a single decision. 0113 IAF, Tab 46, Initial Decision (ID); 0113 IAF, Hearing Transcript, Day 1; 0113 HT2; 0113 IAF, Hearing Transcript, Day 3 (0113 HT3).

¶3 Regarding the rescinded removal action, the administrative judge first found that the agency erred by precluding the appellant from returning to his Air Traffic Control duties, but this was rendered moot by the second removal action. ID at 8-10. She next found that, although the agency provided the appellant with some backpay and benefits for the relevant period, he was entitled to another $17,730.64 in overtime and premium pay, along with $10,000 in award pay. ID at 10-15. Lastly, the administrative judge found that the appellant failed to prove his claim of disability discrimination regarding his first removal action, so he was not entitled to compensatory damages. ID at 15.

¶4 Regarding the second removal action, dated December 2018, the administrative judge first found that the agency proved both specifications underlying its AWOL charge and its lone specification of failure to follow leave procedures. ID at 15-23. Next, she found that the appellant failed to prove his claims of disability discrimination, ID at 24-28, reprisal for requesting reasonable accommodation, ID at 28, due process violations, ID at 30-36, harmful procedural error, ID at 36-38, and disparate penalty, ID at 38-40. Finally, the administrative judge found that the agency proved the requisite nexus and reasonableness of its penalty. ID at 40-42.

¶5 The appellant has filed a timely petition for review. *McDonough v. Department of Transportation*, MSPB Docket No. PH-0752-19-0113-I-1, Petition for Review (0113 PFR) File, Tabs 1-6. Regarding his first removal, i.e., the subject of this decision, the appellant argues that the administrative judge should

have found that he was entitled to additional premium pay as well as relocation pay for purposes of the agency returning him to status quo ante. 0113 PFR File, Tab 6 at 28-29. The appellant also presents arguments pertaining to his second removal, *id.* at 13-28, but we will address them in a separate decision now that we have severed the joined appeals. The agency has not filed a response or cross petition for review. *See* 0113 PFR File, Tabs 8-11.

## ANALYSIS

¶6      Even though an action may be within the Board's jurisdiction, subsequent events may render an appeal moot and foreclose the Board's review. *Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 8 (2012). Mootness can arise at any stage of litigation, and an appeal will be dismissed as moot when, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant, as when the appellant, by whatever means, obtained all of the relief he could have obtained had he prevailed before the Board and thereby lost any legally cognizable interest in the outcome of the appeal. *Id.* The agency's unilateral modification of its personnel action after an appeal has been filed cannot divest the Board of jurisdiction, unless the appellant consents to such divestiture or the agency completely rescinds the action being appealed. *Id.* For an appeal to be deemed moot, the agency's rescission must be complete, i.e., the appellant must be returned to the status quo ante and not left in a worse position as a result of the cancellation than he would have been in if the matter had been adjudicated and he had prevailed. *Id.* If an appeal is not truly moot despite cancellation of the action under appeal, the proper remedy is for the Board to retain jurisdiction and to adjudicate the appeal on the merits. *Id.*

¶7      The agency rescinded its first removal action, and there is no remaining dispute regarding most of its efforts to return the appellant to the status quo ante and render the first removal appeal moot. The only exceptions are the appellant's arguments that he is entitled to an additional $11,931.32 in premium pay and

another $27,000 in relocation pay.  0113 PFR File, Tab 6 at 28-29.  For the reasons that follow, we are not persuaded by the appellant's arguments about relocation pay, but we find that remand is necessary for further development of the record regarding the appellant's premium pay claim.

The appellant has not shown that the administrative judge erred regarding relocation pay.

¶8      Regarding the disputed relocation pay, the administrative judge found that the appellant was not entitled to the $27,000 provided to some employees when an agency facility closed and the employees were relocated to another facility.  ID at 14-15.  She reasoned that the appellant had moved far away from either facility for personal reasons after the first removal action, so he was not entitled to expenses incurred in relocating from the one facility to the other.  *Id.*

¶9      On review, the appellant challenges this finding.  However, the appellant has presented us with little more than a conclusory assertion.  He argues that he "is entitled to relocation reimbursement like all other staff at Boston."  0113 PFR File, Tab 6 at 28-29.  We are not persuaded.  Status quo ante relief does not entitle an appellant to be placed in a better position than he would have enjoyed had the personnel action not occurred.  *Gingery v. Department of Defense*, 121 M.S.P.R. 423, ¶ 8 (2014).  Without any substantive argument or evidence to the contrary, it seems that the appellant is seeking relocation pay for a move that has never and will never occur.  Because that would put him in a better position than if the agency had not issued the now-cancelled first removal action, we agree with the administrative judge that the appellant is not entitled to relocation pay.

The record is insufficiently developed regarding any premium pay required to return the appellant to status quo ante.

¶10     Regarding the only other disputed amount, the administrative judge found that status quo ante relief required that the agency provide the appellant with premium pay totaling $29,661.96, but the agency had already paid the appellant $11,931.32 in premium pay, leaving a balance of $17,730.64.  ID at 11-13, 43.

According to the appellant, the administrative judge erred in subtracting the $11,931.32 the agency had already paid, because that sum was controller incentive pay, which he describes as similar to locality pay and different from the premium pay he believes he is owed. 0113 PFR File, Tab 6 at 28. Notably, though, the appellant has failed to direct us to any particular evidence in the extensive record to support his argument.

¶11 After reviewing the record, we find the following. First, the appellant submitted a lengthy, unexplained, spreadsheet of alleged overtime, holiday, and other premium pay he purportedly lost as a result of the rescinded removal action. 0113 IAF, Tab 18 at 39-68. The administrative judge asked the appellant to provide further clarification regarding this argument, and the appellant submitted a description of the categories or abbreviations used in that spreadsheet but no further clarification or explanation of the calculations. 0113 IAF, Tab 20 at 2, Tab 22 at 4-5. The agency then submitted its own calculations, 0113 IAF, Tab 26 at 4-9, along with extensive spreadsheets or other documentation, 0113 IAF, Tab 26 at 10-76, Tab 27 at 4-42, Tab 28 at 4-23. The agency similarly failed to provide any significant or substantive explanation. However, the agency's calculations explicitly included some "premium pay," but no overtime pay. *E.g.*, 0113 IAF, Tab 22 at 4-5. During the hearing, the appellant testified about how he prepared the spreadsheet of overtime and other pay he believed he was owed, but this testimony did not contain any substantive explanation about the now-disputed premium pay. 0113 HT3 at 56-67 (testimony of the appellant). The appellant did not, for example, provide a detailed explanation of which types of overtime or other pay he was not yet paid as compared to those he was already paid. And therein lies the problem before us.

¶12 The appellant calculated the various types of premium pay he was owed, and the administrative judge credited his accounting in the absence of contrary evidence from the agency. *E.g.*, 0113 IAF, Tab 18 at 68; ID at 12-13. But the agency submitted records indicating that the backpay it provided to the appellant

included "premium pay."  0113 IAF, Tab 26 at 4; ID at 13.  The administrative judge subtracted that "premium pay" amount from the more detailed overtime and other premium pay totals the appellant had come up with.  However, the appellant asserts that his calculations had already accounted for the amount that the agency provided him as "premium pay."  0113 PFR File, Tab 6 at 28.  The agency has not presented argument or evidence to the contrary, below or on review.

¶13    Under these circumstances, before we can dismiss the appeal as moot, we find it most appropriate to remand the agency's first removal action for further adjudication.  The administrative judge should further develop the record as it relates to the premium pay the agency already provided as compared to the premium pay the appellant alleges that he is still owed, as the parties have not presented adequate argument and evidence about the issue.  *Harris v. Department of the Air Force*, 96 M.S.P.R. 193, ¶¶ 7-10 (2004) (remanding for further development where an agency's submissions were insufficient to establish that an employee was given all that was required for status quo ante relief after cancellation of his removal).  The administrative judge should issue a new decision about the appellant's first removal appeal.  As she deems appropriate, the administrative judge may incorporate her prior findings about other matters while resolving the remaining questions we identified surrounding the appellant's premium pay.

## ORDER

¶14       For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:          _Jennifer Everling_
                        _____
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.